TERRENCE M. JACKSON
Nevada Bar No.: 0854
Law Office of Terrence M. Jackson
624 South Ninth Street
Las Vegas, NV 89101
(702) 386-0001 / Fax: (702) 386-0085

*Counsel for Harold Call*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                    Plaintiff,       ) | Case No.:2:09-cr-0079-KJD (RJJ) |
|                                     ) | |
|         vs.                         ) | |
|                                     ) | |
| HAROLD CALL,                        ) | |
|                    Defendant.       ) | |
| _____ ) | |

## MOTION TO SUPPRESS EVIDENCE

(Franks Hearing Requested to Determine Whether Application for Search Warrant Mandatory)

**Certification**: This motion is timely filed.

  COMES NOW the Defendant, HAROLD CALL, by and through his attorney, Terrence M. Jackson, and hereby moves this court to order an evidentiary hearing to address the violation of Mr. Call's Fourth Amendment rights against unreasonable searches. The Defendant requests the Court convene an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).

  Defendant alleges the Affidavit in support of the search warrant is filled with material omissions and/or misstatements. The omitted information relates directly to the credibility of the informants upon which the warrant was based and therefore directly affects the validity of the warrant.

  Deliberate omissions concerning the background of the informants are the most significant material omission invalidating this warrant. Other significant factual omissions in the one sided warrant affidavit is the complete lack of any mention of the lengthy and sustained

1  entrapment by paid government informants or agents leading up to the arrest and subsequent search
2  of the defendant's residence. This undermines the validity of the warrant.

### FACTUAL STATEMENT

4  Defendant Harold Call's residence at 8208 Gunther Circle, Las Vegas, Nevada, was searched
5  pursuant to a search warrant issued March 4, 2009, by United States Magistrate Lawrence R. Leavitt.

6  The warrant, signed by Magistrate Leavitt, was based upon a lengthy affidavit carefully
7  prepared by special agent " E F " which had redacted from it most information that would vitiate
8  probable cause. The affidavit in support of the warrant authorized by the unknown, unidentified
9  special agent " E F " alleges that two confidential informants were used during the investigation of
10 Harold Call, CH 1 and CH 2, and that they supplied the grounds for probable cause.

11 According to the affidavit, CH 1 had worked for the FBI since 2004 in hopes of mitigating
12 the sentence he is to receive for an <u>unspecified</u> <u>crime</u> he pled guilty to. (*Emphasis added*). The
13 government has yet to disclose the bargain it made with CH 1. *See,* <u>Giglio v. United States</u>, 405 U.S.
14 150 (1972). The court can only speculate what has motivated CH 1 to act as an informant for <u>five</u>
15 <u>years</u>, despite the alleged great personal danger CH 1 faced. (*See* p. 2 of *affidavit*).

16 CH 2, the principle informant mentioned in " E F's " affidavit, has an even more impressive
17 resume, having worked as an <u>informant</u> <u>since</u> the <u>1970's</u> ! It can only be imagined what he is
18 receiving for his labors as a snitch and what he has done in violation of the law that compels him to
19 be working as an informant for longer than the average career civil servant (nearly 30 years). (*See*
20 *p. 3 of affidavit*).

21 The affidavit of " E F " alleged that:

22 Since October 2007, he has participated in the investigation of an individual known as HC
23 (Harold Call). The investigation of Harold Call dated back to October 2004 and was a joint
24 investigation by ATF, FBI and other law enforcement agents. According to " E F " the first alleged
25 illegal weapon sale took place in September 2008. " E F " then ascertained that Call had no firearms
26 license authorizing him to sell such weapons.

27 " E F " in his affidavit then lists several meetings between the snitch (CH 2) and Harold Call
28 leading up to the first alleged illegal firearm sale in September, beginning June 19, 2008, concluding

1  January 20, 2009. During these meetings, many of which were recorded, defendant Call talked
2  extensively about the government expressing great dissatisfaction with the United States economic
3  and political system, especially the tax system. According to " E F ", Call, a member of Sovereign
4  Citizen's Group, believed that the Federal Reserve System is invalid because the Federal
5  Government abandoned the gold standard in 1933. The government then established a secret
6  $1,000,000.00 (one million dollar fund) for each citizen. Each citizen could access his or her account
7  by submitting various documents to creditors. This redemption scheme or bond process was alleged
8  by " E F " to be a criminal or fraudulent scheme.

9  Defendant however has never been charged with any crimes involving fraud or dishonesty.
10 Furthermore, it is never stated in the affidavit that anyone ever was persuaded that this scheme or
11 idea was ever taken seriously by anyone, or that anyone was ever defrauded by the economic ideas
12 propound by the followers or adherents of the Sovereign Nation Group.

13 An evidentiary hearing will establish the following important facts were deliberately omitted
14 from the affidavit of the "experienced" investigator " E F ":

15 (1) The Defendant, Harold Call, is 67 years of age. He has never been in trouble with the
16 law. He has no known local, state, or federal convictions of any kind.

17 (2) Harold Call belonged to a lawful political organization, the Lawman Group, a branch
18 of the Sovereign Nation. His right to belong to such a lawful group or association is protected by the
19 First Amendment to the United States Constitution. The purported anti-government ideology of the
20 Sovereign Movement is not illegal. It is protected speech.

21 (3) There exists substantial legal questions that any weapons Harold Call was alleged to
22 possess and/or distribute were illegal. District of Columbia v. Heller, 554 U.S. ___ (2008). Evidence
23 will establish that such weapons were readily available and could be easily purchased. (See exhibit
24 B)

25 (4) Evidence will establish that repeated, sustained entrapment by government agents led
26 to defendant's arrest.
27 The affidavit omits all reference to the extensive entrapment and outrageous government misconduct
28 that led to defendant's arrest. (*See affidavit of Harold Call, exhibit A*), incorporated herein).

3

**I. LAW**

I.  **THE LEGAL STANDARD**

"[T]he Fourth Amendment mandates that a defendant be permitted to challenge a warrant affidavit valid on its face when it contains deliberate or reckless omissions of fact that tend to mislead." United States v. Stanert, 762 F.2d 775, 781 (9th Cir. 1985) (reversing conviction and remanding to the district court holding that defendant had made a substantial showing requiring an evidentiary hearing); *see also,* United States v. Williams, 737 F.2d 594, 604 (7th Cir. 1984). The Supreme Court held, in Franks v. Delaware, 438 U.S. 154 (1978), that allegations of such misstatements or omissions necessitate an evidentiary hearing. Furthermore, upon proof that the statements or omissions are misleading, the false or misleading information must be excised from the affidavit and the affidavit examined for a probable cause determination. *Id.* At 171-172.

To challenge the veracity of certain factual statements in an affidavit supporting a search warrant, the Franks Court held that a traversal hearing must be held at the defendant's request:

> [w]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth was included by the affiant in the warrant affidavit, and if the allegedly false statements are necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. 438 U.S. at 155-156. (*Emphasis added*).

*See also* United States v. Johns, 851 F.2d 1131 (9th Cir. 1988). A defendant is entitled to a Franks hearing upon a "substantial showing that the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." United States v. Whitworth, 856 F.2d 1268, 1280 (9th Cir. 1988) (quoting United States v. Stanert, 762 F.2d 775, 781 (9th Cir.), modified, 769 F.2d 1410 (1985)). The Ninth Circuit employs a two-prong test to determine when a Franks hearing is required. Specifically, the defendant need only make a substantial showing that "(1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause." United States v. Lefkowitz, 618 F. 2d 1313, 1317 (9th Cir.), cert. denied, 449 U.S. 824 (1980).

United States v. Stanert, 762 F.2d at 781.

"Clear proof " of a deliberate or reckless omission is not required in order to hold an evidentiary hearing. Stanert, 762 F.2d at 781. Rather, the defendant need only make a substantial showing that the affiant intentionally or recklessly mislead the magistrate. *Id.* The effect of misrepresentations and omissions must be assessed in a cumulative fashion when determining whether probable cause exists without the misrepresentations. *Id.* at 782. *See also*, United States v. Dozier, 844 F.2d 701, 705 (9th Cir. 1988). The focus is on whether the challenged statements in the affidavit would materially effect a finding of probable cause. *Id.* at 1360. *See also,* United States v. Davis, 663 F.2d 824, 830 (9th Cir. 1981).

The determination of whether information provided by an informant establishes probable cause is based upon the "totality of the circumstances", Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L. Ed 2d 527 (1983). If an informant's history of criminal acts involving dishonesty renders his/her statements unworthy of belief, probable cause must be analyzed without those statements. *See* United States v. Hall, 113 F.3d 157, 159 (9th Cir. 1997).

" E F " deliberately, in a carefully crafted affidavit, omitted the entire scenario leading up to defendant's arrest and the search of his residence. " E F " deliberately omitted the fact that Harold Call refused on numerous occasions to supply arms or auto sears to the government informant.

" E F " does not reveal what types of dishonesty and/or criminal behavior of which the "reliable" informants had previously been convicted.

Police officers have a duty to reveal "serious doubts" about an informant's testimony. *See*, United States v. Whitley, 249 F.3d 614, 621 (7th Cir. 2001), United States v. Williams, 737 F.2d 594 at 602. Officer " E F " must have had serious doubts about the credibility of the alleged informants.

" E F " does not reveal what crimes and what sweet deals the two unidentified snitches (CH 1) (CH 2) have received from the government for their cooperation. How much were they paid?

" E F " does not reveal in his affidavit the hundreds of hours of surveillance of the defendant and other members of the Lawman Group or Sovereign Movement that reveal no crimes being committed. The surveillance tapes document simply the defendant has exercised his constitutional rights under the First Amendment to criticize the government and his Second Amendment rights to

1  bear arms protected under the Constitution.

2  Whatever the merits of defendant's economic or political views, the government's lengthy,
3  intrusive surveillance revealed nothing criminal in defendant's actions. He did not willingly and
4  knowingly possess a weapon he believed was illegal without extreme inducement from the
5  government agents. The failure of the affidavit to reveal this was a manufactured crime created solely
6  through the assistance of government paid criminals acting for pay and for other substantial
7  consideration makes the affidavit defective. The substantial omissions in the affidavit compel that
8  the items seized pursuant to the unlawfully issued warrant be suppressed.

9  WHEREFORE defendant, Harold E. Call respectfully requests his Franks Hearing Requested
10 to Determine Whether Application for Search Warrant Mandatory be granted.

12 **RESPECTFULLY SUBMITTED**, this first day of September, 2009.

15  */s/ Terrence M. Jackson*

17  TERRENCE M. JACKSON, ESQUIRE
    Nevada Bar No.: 0854
    Law Office of Terrence M. Jackson
18  624 South Ninth Street
    Las Vegas, NV 89101
19  (702) 386-0001 / Fax: (702) 386-0085
    *Counsel for Harold Call*

**SERVICE OF PROCESS**

Case No.: 2:09-cr-00079-KJD (RJJ)

I hereby certify that I am an employee of the Law Office of Terrence M. Jackson**,** that I am a person competent to serve papers and not a party to the above-entitled action and that on the First day of September 2009, I served a true and correct copy of the foregoing Defendant, Harold Call's **MOTION TO SUPPRESS EVIDENCE** as follows:

[ ]    Via facsimile transmission to the person(s) and facsimile transmission number(s) indicated below,

[ **x** ]    Via CM/ ECF, the electronic filing system for the District of Nevada, **as indicated below:**

GREGORY A. BROWER
UNITED STATES ATTORNEY
L. ERIC JOHNSON, ESQ.
ASSISTANT UNITED STATES ATTORNEY
Lloyd D. George Federal Courthouse
333 Las Vegas Boulevard, Ste. 5000, Fifth Floor
Las Vegas, NV 89101
Fax: (702) 388-6418
*Attorney for Plaintiff , USA*

　　　　　　　　　　　　　　　　　　　　　　　　/s/    *Beverly Jackson*
　　　　　　　　　　　　　　　　　　　　　　An Assistant of Terrence M. Jackson, Esquire