GREGORY A. BROWER
United States Attorney
District of Nevada
ERIC JOHNSON
Chief, Organized Crime Strike Force
Lloyd D. George United States Courthouse
333 Las Vegas Blvd. South, Suite 5037
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6418

Attorneys for the Government

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:09-CR-0079-KJD(RJJ) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STIPULATION TO CONTINUE |
| | ) | DATE FOR FILING |
| HAROLD CALL, | ) | RESPONSE TO PRETRIAL MOTION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America by and through its attorneys, Gregory A. Brower, United States Attorney for the District of Nevada, and Eric Johnson, Chief, Organized Crime Strike Force, and defendant Harold Call, through his counsel Terrence Jackson, Esq.(hereinafter the parties), that the Government shall have to and including September 25, 2009, to respond to defendant Harold Call's Motion to Suppress Evidence.

This Stipulation is entered into for the following reasons:

1) Government's counsel's caseload, including a matter that until recently was set to begin trial the week of September 21, 2009, has precluded counsel from devoting the sufficient time to research and respond to defendant's motion to suppress evidence.

2) Defendant on September 1, filed a Motion to Suppress Evidence seeking to suppress evidence seized from defendant's house pursuant to a search warrant.  Under the local rules, the Government's response is due today, September 15, 2009.  Defendant on September 11, 2009, filed a Motion to Dismiss seeking to dismiss charges against defendant concerning his possession of

machine guns as defined by statute.  Under the local rules, the Government's response is due on September 25, 2009.  Defendant's motion to suppress concerns many of the same legal issues raised in his motion to dismiss. Consequently, in responding to defendant's motions, the Government seeks to respond to both motions and the legal issues raised once at the time the Government's response to the motion to dismiss is due on September 25.

3) Trial in the instant case is not until November 2, 2009.  Consequently, granting the requested continuance in the time to respond would not affect the trial date.

4) The additional time requested herein is not sought for purposes of delay but merely to allow counsel for the Government sufficient time, in light of the above, within which to be able to effectively and thoroughly research, prepare and respond to the pretrial motion at issue, taking into account the exercise of due diligence.

5) Additionally, denial of this request for continuance could result in a miscarriage of justice.

6)  The ends of justice served by this request for a continuance of the response date outweigh the interest of the public and the Defendant in a speedy trial, considering the factors set forth in Title 18, United States Code, Sections 3161(h)(7)(B)(i) and (iv).  Failure to grant the requested continuance would likely result in a miscarriage of justice, would unreasonably deny the Government reasonable time for effective preparation, taking into account the exercise of due diligence.  As noted above, granting of the continuance would not affect the current trial date.

7) The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(1)(F), 3161(h)(6), and 3161(h)(7)(A) when considering the factors under 3161(h)(7)(B)(i) and (iv).

. . .

. . .

. . .

2

1        8) This is the first request for continuance of the response date for the pretrial motion

2   at issue.

3        DATED this 15th day of September 2009.

4   Respectfully Submitted,

5                                    ERIC JOHNSON
                                     United States Attorney

6

    /s/ Terrence Jackson              /s/ Eric Johnson

7

8   _____      _____
    Terrence Jackson, Esq.            Eric Johnson
9   Attorney for Harold Call          Chief, Organized Crime Strike Force

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:09-CR-0079-KJD(RJJ) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAROLD CALL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>ORDER CONTINUING DATE FOR RESPONSE TO PRETRIAL MOTION</u>

Based on the pending Stipulation of counsel and good cause appearing therefore, the Court hereby finds that:

1) Government's counsel's caseload, including a matter that until recently was set to begin trial the week of September 21, 2009, has precluded counsel from devoting the sufficient time to research and respond to defendant's motion to suppress evidence.

2) Defendant on September 1, filed a Motion to Suppress Evidence seeking to suppress evidence seized from defendant's house pursuant to a search warrant. Under the local rules, the Government's response is due today, September 15, 2009. Defendant on September 11, 2009, filed a Motion to Dismiss seeking to dismiss charges against defendant concerning his possession of machine guns as defined by statute. Under the local rules, the Government's response is due on September 25, 2009. Defendant's motion to suppress concerns many of the same legal issues raised in his motion to dismiss. Consequently, in responding to defendant's motions, the Government seeks to respond to both motions and the legal issues raised once at the time the Government's response to the motion to dismiss is due on September 25.

3) Trial in the instant case is not until November 2, 2009. Consequently, granting the requested continuance in the time to respond would not affect the trial date.

4) The additional time requested herein is not sought for purposes of delay but merely to allow counsel for the Government sufficient time, in light of the above, within which to be able to effectively and thoroughly research, prepare and respond to the pretrial motion at issue, taking into account the exercise of due diligence.

5) Additionally, denial of this request for continuance could result in a miscarriage of justice.

6)  The ends of justice served by this request for a continuance of the response date outweigh the interest of the public and the Defendant in a speedy trial, considering the factors set forth in Title 18, United States Code, Sections 3161(h)(7)(B)(i) and (iv).  Failure to grant the requested continuance would likely result in a miscarriage of justice, would unreasonably deny the Government reasonable time for effective preparation, taking into account the exercise of due diligence.  As noted above, granting of the continuance would not affect the current trial date.

7) The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(1)(F), 3161(h)(6), and 3161(h)(7)(A) when considering the factors under 3161(h)(7)(B)(i) and (iv.

8) This is the first request for continuance of the response date for the pretrial motion at issue.

### **ORDER**

IT IS THEREFORE ORDERED that the Government shall have to and including September 25, 1999, within which to file its response to defendant Harold Call's Motion to Suppress Evidence.

DATED this _____ day of September 2009.


_____
U.S. DISTRICT COURT JUDGE