GREGORY A. BROWER
United States Attorney
District of Nevada
J. GREGORY DAMM
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Blvd. South, Suite 5037
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6418

Attorneys for the Government

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:09-CR-0079-KJD(RJJ) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | RESPONSE IN OPPOSITION TO |
| | ) | DEFENDANT HAROLD CALL'S |
| HAROLD CALL, | ) | MOTION TO DISMISS |
| Defendant. | ) | |

            Comes now the United States of America by and through its attorneys, Gregory A.

Brower, United States Attorney for the District of Nevada, and Gregory Damm, Assistant United

States Attorney, and responds in opposition to defendant Harold Call's Motion to Dismiss.

            Defendant Call moves to dismiss Counts One, Two, Four and Five of the instant

indictment charging him with violations of Title 18, United States Code, Section 922(o), possession

and transfer of a machine gun, and Title 26, United States Code, Section 5845(d), possession of an

unregistered machine gun. Generally, defendant's argument has two primary points. Defendant first

claims that this Court is without jurisdiction to try defendant for possession of a homemade machine

gun which has not traveled in interstate commerce. Defendant also claims that under the Second

Amendment he has a right to possess a machine gun.

Defendant first argues that under United States v. Stewart, 348 F.3d 948 (9th Cir. 2003), his possession of homemade auto sears was legal because defendant did not obtain his auto sears using channels of interstate commerce.  In the original 2003 decision in United States v. Stewart, the Ninth Circuit concluded that because the defendant there had made his machine gun rather than receive it through a transfer from another that the defendant's possession of his machine gun was purely an intrastate possession which Congress could not regulate through the Constitution's Commerce Clause.   The Court found that Title 18, United States Code, Section 922(o) was unconstitutional as applied to the defendant in that case.  While arguably the Ninth Circuit's original decision in United States v. Stewart could apply to defendant's manufacturing of the auto sears and machine gun in his residence, the Ninth Circuit overruled its original decision on remand from the Supreme Court.  In 2006, the Ninth Circuit ruled in United States v. Stewart, 451 F.3d 1071 (9th Cir. 2006), that Section 922(o) which criminalizes the possession of homemade machineguns manufactured intrastate was not an unlawful extension of Congress's commerce powers.  Consequently, defendant's possession of what he contends were homemade auto sears is criminal under federal statute.

Defendant also claims that under District of Columbia v. Heller, the federal government cannot limit his possession of machine guns under the Second Amendment.  However, courts considering the issue of the constitutionality of machine gun regulation since Heller have concluded that Congress can constitutionally regulate the possession of machine guns.  In United States v. Gilbert, 286 Fed.Appx. 383, 386 (9th Cir.2008), the Ninth Circuit court explained that Heller did not undermine the restrictions contained in Title 18, United States Code, Sections 922(g)(1) and 922(o).  In United States v. Fincher, 538 F.3d 868, 874 (8th Cir.2008), the Eighth Circuit held that Section 922(o) was a constitutional restriction on machine guns.  See also United States v. Ross, 323 Fed. Appx. 117 (3d Cir. 2009); United States v. Williams, 2009 WL 578556 (W.D.Pa. 2009).

The Supreme Court in <u>Heller</u> found that the District of Columbia's complete ban on handgun possession in the home violated the Second Amendment.  The Court held that the "Second Amendment conferred an individual right to keep and bear arms." <u>Heller</u>, 128 S. Ct., at 2799. However, the Court also made clear that this right is not unlimited:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.

<u>Id.</u>,  at 2816 (citations omitted). The Supreme Court stated that certain statutory restrictions on firearms are constitutional:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

> We also recognize another important limitation on the right to keep and carry arms. Miller [United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939) ] said, as we have explained, that the sorts of weapons protected were those "in common use at the time." 307 U.S., at 179, 59 S.Ct. 816, 83 L.Ed. 1206. We think that limitation is fairly supported by the historical tradition of prohibiting the carrying of "dangerous and unusual weapons."

The Supreme Court in <u>Heller</u> did not find that possession of machine guns is protected by the Second Amendment. "Machine guns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use."  <u>United States v. Fincher</u>, 538 F.3d 868, 873-74 (8th Cir.2008); <u>see also United States v. Gilbert</u>, 2008 WL 2740453 (9th Cir.2008). Significantly, after <u>Heller</u>, every court which has considered a Second Amendment challenge to the various subsections of Section 922, including Section 922(o), has upheld the statute as constitutional.  <u>United States v. Marzzarella</u>, 2009 WL 90395 (W.D.Pa. Jan.14, 2009) (citing cases).  These courts have concluded that  <u>Heller</u> does not

1  establish an unconditional right to possess a firearm. Under <u>Heller</u>, defendant has no right to possess

2  a machine gun.

3         Defendant's motion should be denied

4         DATED this 24thday of September 2009.

5

6                              Respectfully Submitted,

7

8                              GREGORY A. BROWER
                               United States Attorney

9

10                             <u>*/s/ J. Gregory Damm*</u>
                               J. GREGORY DAMM
11                             Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26