UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,
Plaintiff,
vs.
HAROLD CALL,
Defendant.

2:09-cr-00079-KJD-RJJ

REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
(Defendant's Motion to Dismiss #18)

This matter was referred to the undersigned Magistrate Judge on Defendant Motion to Dismiss (#18). The Court has considered the Defendant's Motion (#18) and the Government's Opposition (#21).

**BACKGROUND**

Defendant Harold Call was indicted on March 3, 2009. The five count Indictment (#1) charges Call with two counts of possession and transfer of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) and three counts of possession of an unregistered machine gun in violation of 26 U.S.C. §§ 5861(d) and 5871. The Government also seeks criminal forfeiture of certain property pursuant to 26 U.S.C. §§ 5861 and 5872 as well as 28 U.S.C. § 2461©. (#1).

Call seeks an order of the court dismissing counts 1, 2, 4, and 5 of the Indictment. Call is charged in counts 1 and 4 with possession and transfer of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). He is charged in counts 4 and 5 with possession of an unregistered machinegun in violation of 26 U.S.C. §§ 5861(d) and 5871. Call argues that Counts 1 and 4 should be dismissed because 18

U.S.C. § 922(o) is an invalid exercise of Congress's commerce power. Call also argues that the charges should be dismissed because the statutes he is charged under unlawfully infringe on his Second Amendment rights. The Government opposes the motion on the grounds that (1) section 922(o) is constitutional, and (2) an individual does not have a constitutional right to possess a machinegun.

**DISCUSSION**

It is well settled that "an indictment sought under a statute that is unconstitutional on its face or as applied" will be dismissed. *United States v. Mayer*, 503 F.3d 740, 747 (9th Cir. 2007); *citing United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624, 131 L.Ed.2d 626 (1995). Pursuant to 18 U.S.C. § 922(o), it is unlawful "for any person to transfer or possess a machinegun." The term "machinegun" is statutorily defined as:

> [A]ny weapon that shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of part from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

26 U.S.C. § 5845(b). For purposes of the motion, Defendant Call does not dispute that he possessed a "machinegun" as that term is statutorily defined. Instead, Call argues that 18 U.S.C. 922(o) is unconstitutional, as applied to him, because it criminalizes "mere possession of a homemade machine gun that has not traveled in interstate commerce." To support his argument, Call cites and relies exclusively on *"United States v. Stewart*, 348 F.3d 1132 (9th Cir. 2003)" [Stewart I], wherein the Ninth Circuit held that section 922(o), as applied to the defendant in that case, was an invalid exercise of Congress's commerce power. 348 F.3d at 1140. However, the defendant misrepresents the applicable law. The correct citation of *Stewart I* is *United States v. Stewart*, 348 F.3d 1132 (9th Cir. 2003), vacated, 545 U.S. 1112 (2005). The defendant has cited and argued a case without telling the court that it is no longer valid.

. . . .

. . . .

In *Stewart I*, the Ninth Circuit addressed the issue of whether section 922(o) was unconstitutional as applied to a defendant who was charged with possessing homemade machineguns. The defendant in *Stewart I* challenged the statute on the ground that it was an invalid exercise of Congress's commerce power. *See* U.S. Const. art. I., § 8. After setting forth the three categories of activity that Congress can regulate under its commerce power[1], the court concluded that section 922(o) could not be justified under either of the first two categories. *See*, 348 F.3d at 1134-36. The court also determined that section 922(o) did not fall within the third category of activity that Congress can regulate under its commerce power because it failed all four-prongs of the test used to determine whether the regulated activity substantially affects interstate commerce.[2] *United States v. Morrison*, 529 U.S. 598 (2000). Accordingly, the Ninth Circuit held that, as applied to the defendant, section 922(o) was an invalid exercise of Congress's commerce power. 348 F.3d at 1140.

The Government concedes that if the court were to stop with the analysis set forth by Defendant Call, the Indictment in this case would likely have to be dismissed. However, after its decision in *Gonzales v. Raich*, 545 U.S. 1 (2005), the U.S. Supreme Court granted certiorari, vacated the decision in *Stewart I*, 348 F.3d 1132 (9th Cir. 2003) and remanded the case for further consideration. *See United States v. Stewart*, 545 U.S. 1112 (2005). Upon remand, the Ninth Circuit revisited its prior decision in *Stewart I* to determine whether it was "consistent with the approach to [be] applied in Commerce Clause challenges articulated in *Raich*." *United States v. Stewart*, 451 F.3d 1071, 1074 (9th Cir. 2006).

In light of *Raich*, the Ninth Circuit reversed its prior conclusion and held that section 922(o) could constitutionally be applied to the defendant's possession of homemade machineguns. 451 F.3d at 1078. In reaching its decision, the court concluded that the machinegun possession ban of section

---

[1] As set forth in *United States v. Lopez*, 514 U.S. 549, 559-59 (1995), it is well established that Congress can regulate three categories of economic activity under its commerce power: (1) the use of the channels of interstate commerce, (2) the instrumentalities of interstate commerce, and (3) those activities having a substantial relation to interstate commerce.

[2] In determining whether a regulated activity "substantially affects" interstate commerce a court considers (1) whether the regulated activity is commercial or economic in nature, (2) whether an express jurisdictional element is provided in the statute to limit its reach, (3) whether Congress made express findings about the effects of the proscribed activity on interstate commerce, and (4) whether the link between the prohibited activity and the effect on interstate commerce is attenuated. *United States v. Morrision*, 529 U.S. at 610-12.

922(o) was more like the marijuana possession ban in the Controlled Substances Act because "the machinegun possession ban fits within a larger scheme for the regulation of interstate commerce in firearms."[3] *Id*. at 1076. The court noted that "*Raich* stands for the proposition that Congress can ban possession of an object where it has a rational basis for concluding that object might bleed into the interstate market and affect supply and demand, *especially in an area where Congress regulates comprehensively*." 451 F.3d at 1076-77 (emphasis added). The court went on to hold that "Congress had a rational basis for concluding that in the aggregate, possession of homemade machineguns could substantially affect interstate commerce in machineguns" because those weapons "could enter the interstate market and affect supply and demand." 451 F.3d at 1078. Finally, the court concluded that it is not necessary to "inquire into the specifics of [] possession" because "[w]hen 'a general regulatory statute bears substantial relation to commerce, the *de minimis* character of individual instances arising under that statute is of no consequence." *Id*. (*citing Raich*, 545 U.S. at 17 *quoting Lopez*, 514 U.S. at 558).

Accordingly, this Court rejects Defendant Call's argument that section 922(o) is unconstitutional. As the Ninth Circuit expressly held in *United States v. Stewart*, 451 F.3d 1071, 1074 (9th Cir. 2006), section 922(o) is a valid exercise of Congress's commerce power and can be applied to the manufacture and possession of homemade machineguns.

Call also argues that the limitation imposed on the possession of a machinegun is a violation of his Second Amendment rights. Call relies on the Supreme Court's recent decision in *District of Columbia v. Heller*, --- U.S.---, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) to support his claim "that the possession of the type of machine guns outlawed by statute in this indictment should be protected under the Second Amendment when possessed or used by law abiding citizens for self defense." Def's Motion (#18) at 6. This is not a novel argument. It has been raised by several defendants prosecuted under section 922(o) and 26 U.S.C. §2861(d) subsequent to the *Heller* decision.

---

[3] The Court also noted that a major difference between the possession ban in the Controlled Substances Act and section 922(o) was that the machinegun ban in section 922(o) was enacted many years after the applicable federal firearms regulatory regime. The Court concluded it was permissible for Congress to take a "wait-and-see" approach when it creates a regulatory regime so that Congress can "regulate with a light touch in the first instance and tinker at the margins in light of experience." *Stewart*, 451 F.3d at 1077.

The argument has been rejected in each instance. *See United States v. Gilbert*, 286 Fed. Appx. 383 (9th Cir. 2008) ("Under *Heller*, individuals still do not have the right to possess machineguns....") *cert. denied Gilbert v. United States*, 129 S.Ct 613 (2008); *United States v. Fincher*, 538 F.3d 868 (8th Cir. 2008) (under *Heller*, the possession of a machinegun and unregistered sawed-off shotgun is not protected by the Second Amendment) *cert. denied Fincher v. United States*, 129 S.Ct. 1369 (2009); *United States v. Ross*, 323 Fed. Appx 117 (3rd Cir. 2009) ("Nothing in *Heller* supports [defendant's] challenge to the constitutionality of a statute criminalizing the possession of a machine gun.") *cert. denied Ross v. United States*, --- S.Ct. --- , 2009 WL 2730873 (Oct. 5, 2009); *United States v. Willaman*, 2009 WL 578556 (W.D. Pa. 2009) ("The Supreme Court in *Heller* did not find that possession of machine guns is protected by the Second Amendment.").

This court adds it voice to the growing chorus of federal courts nationwide that hold that , nothing in *Heller* supports the constitutional challenge to a statute criminalizing the possession of machineguns. Even after *Heller*, individuals still do not have the right to lawfully possess machineguns.

**<u>RECOMMENDATION</u>**

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Defendant's Motion To Dismiss Indictment (#18) be **DENIED**.

**NOTICE**

Pursuant to Local Rule IB 3-2 **<u>any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before .December 7, 2009.</u>** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's

. . . .

. . . .

order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 24th day of November, 2009.

ROBERT J. JOHNSTON
United States Magistrate Judge