TERRENCE M. JACKSON
Nevada Bar No.: 0854
Law Office of Terrence M. Jackson
624 South Ninth Street
Las Vegas, NV 89101
(702) 386-0001 / Fax: (702) 386-0085

*Counsel for Harold Call*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                              Plaintiff,    )<br>                                             )<br>        vs.                                     )<br>                                             )<br>HAROLD CALL,                           )<br>                              Defendant.  )<br>_____ ) | Case No.:2:09-cr-00079-KJD (RJJ) |

### OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION
### ON DEFENDANT'S MOTION TO DISMISS [DOCKET #18]

**Certification**: This motion is timely filed.

COMES NOW the Defendant, HAROLD CALL, by and through his attorney, Terrence M. Jackson, and submits his objections to the Magistrate's Report and Recommendations on Defendant's Motion to Dismiss [#18].

This objection is based upon all the prior pleadings as well as the points and authorities incorporated herein.

### I.

**THE RECENT DECISIONS OF THE UNITED STATES SUPREME COURT ON COMMERCE CLAUSE JURISDICTION ARE IN CONFLICT. DEFENDANT WISHES TO PROTECT HIS FUTURE APPELLATE RIGHTS IF THE SUPREME COURT RECONSIDERS ITS DECISION IN *GONZALEZ v. RAICH*.**

/ / /

Defendant submits the United States Supreme Court has been extraordinarily inconsistent in its recent interpretation of the limits of commerce clause jurisdiction. In *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, ___ L.Ed 2d ___ (1995), the court held that the commerce clause should not extend federal jurisdiction for a statute banning possession of firearms in a school zone).

Similarly, in *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed 2d 628 (2000), the court ruled that a civil remedy for victims of gender motivated violence under 42 U.S.C. § 13981 was unconstitutional because there was no showing of commerce clause jurisdiction. The Court in *Morrison* found a four point test for determining whether commerce clause jurisdiction is met:

(1)   Whether the regulated activity is commercial or economic in nature;

(2)   Whether an express jurisdictional element is provided in the statute to limit its reach;

(3)   Whether congress made express findings about the effects of the proscribed activity on interstate commerce;

(4)   Whether the link between the prohibited activity and the effect on interstate commerce is attenuated ...Id. 610-612 ...

Justice Rehnquist, in his opinion in *Morrison*, supra, noted:

> "Both petitioner's and Justice Souter's dissent downplay the role that the economic nature of regulated activity plays in our commerce clause analysis. But a fair reading of *Lopez* shows that the non-economic, criminal nature of the conduct at issue was central to our decision in that case."
> *See*, e.g., Id. at 551, 115 S.Ct. 1624, 529 U.S. 1740, 1750.

Justice Breyer, joined by Stevens, Souter, and Ginsburg in dissent, noted the difficulty of finding a proper federal/state balance in commerce clause jurisprudence, stating:

> " "The majority holds that the federal commerce power does not extend to such "non-economic" activities as non-economic violent criminal conduct" that significantly affects interstate commerce only if we "aggregate" the interstate effects of individual instances." *Ante,* at 1754.
> Justice Souter explains why history, precedent, and legal logic militate against the majority's approach. I agree and join his opinion. I add that the majority's holding illustrates the <u>difficulty of finding a workable judicial commerce clause touchstone - a set of comprehensible interpretive rules that courts might use to impose some meaningful limits, but not too great limits, upon the scope of the legislative authority that the commerce clause delegates to Congress.</u>" Id. 1774 (Emphasis added).

2

The Supreme Court not surprisingly, with no consensus among the justices, soon reversed itself in *Gonzalez v. Raich,* 545 U.S. 1, 125 S.Ct. 2195, 102 L.Ed.2d 1.

While Defendant recognizes the most recent decision of the United States Supreme Court, *Gonzalez v. Raich,* 545 U.S. 1 (2005) appears to extend commerce clause jurisdiction, because of the extreme recent fluctuation in commerce clause jurisprudence, defendant submits there is a reasonable possibility the United States Supreme Court may again reverse itself and find the commerce clause does not extend jurisdiction to cases such as the instant case.

The Ninth Circuit, by following the clear logic of *Lopez* and *Morrison,* had previously found in *United States v. Stewart*, 348 F.3d 1132 (9th Cir. 2003) that 18 U.S.C. 922 (o) was an unconstitutional exercise of commerce clause jurisdiction. This decision however, was reversed after the Supreme Court decision in *Gonzalez v. Raich*, 545 U.S. 1 (2005). In the second *Stewart* decision, 451 F.3d 1078 (9th Cir. 2006), the Ninth Circuit after a grant of certiorari, reversed its prior decision and held the commerce clause did supply a sufficient jurisdictional ground to render 18 U.S.C. 922(o) constitutional. Defendant however, submits because of the vagueness and uncertainty in the law, he asks that his objection be preserved pending future reconsideration of the issue by the United States Supreme Court. The vagaries of commerce clause jurisprudence among the Supreme Court justices requires defendant to respectfully object at this time.

## II.

**THE SECOND AMENDMENT RIGHT TO BEAR ARMS PROTECTS A CITIZEN'S RIGHT TO SELF DEFENSE. THAT RIGHT INCLUDES THE RIGHT IN SOME CIRCUMSTANCES TO POSSESS AUTOMATIC WEAPONS OR MACHINE GUNS.**

The Second Amendment is written very broadly. It states the right of the people to keep and bear arms ... "<u>shall not be infringed</u>." Defendant submits the Magistrate's reliance on the four District Court cases, *Gilbert, Fincher, Ross,* and *Wallaman* is unpersuasive. All of the cases cited are not for publication and should not be considered binding authority.

The United States Supreme Court in *District of Columbia v. Heller*, 554 U.S. 1, 128 S.Ct. 2783, 171 L.Ed. 2d 637 (2008), make clear the right of citizens to bear arms is highly respected by

1 the United States Supreme Court. *Heller* however did not directly address the exact issue in this case. It left open the question of which types of weapons or what limits to the Second Amendment would be ruled constitutional.

Defendant submits the clear implication of *Heller* is that if a weapon is necessary, or even useful, for self defense and the weapon is not <u>unusually dangerous</u>, and a person has not forfeited his right to bear arms by previously engaging in criminal conduct, the weapon should not be banned.

Defendant respectfully submits, that because he has a spotless record, he cannot be prohibited from the mere possession of an automatic weapon or machine gun. Any statute that criminalizes such conduct, under such circumstances, would violate his fundamental Second Amendment right to keep and bear arms. The essence of the Second Amendment is the right to self defense and the Court will carefully circumscribe any limitations on that right.

Wherefore, Defendant respectfully submits the charges against him be dismissed.

**RESPECTFULLY SUBMITTED**, this 7th day of December, 2009.

By: \_\_\_\_/s/ Terrence M. Jackson\_\_\_\_
Terrence M. Jackson, Esquire
*Counsel for Harold Call*

/ / /

/ / /

|   |   |
|---|---|
| 1 | **SERVICE OF PROCESS** |
| 2 | Case No.: 2:09-cr-00079-KJD (RJJ) |

3   I hereby certify that I am an assistant of the Law Office of Terrence M. Jackson**,** that I am

4  a person competent to serve papers and not a party to the above-entitled action and that on the

5  7th day of December, 2009, I served a true and correct copy of the foregoing Defendant,

6  Harold Call's : **OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION**

7  **ON DEFENDANT'S MOTION TO DISMISS [DOCKET #18]**

8  **as follows:**

10  [ **x** ]   Via CM/ ECF, the electronic filing system for the District of Nevada, Doc. # <u>18</u> **as**

11  **indicated below:**

13  GREGORY A. BROWER
   UNITED STATES ATTORNEY
14  L. ERIC JOHNSON
   ASSISTANT UNITED STATES ATTORNEY
15  Lloyd D. George Federal Courthouse
   333 Las Vegas Boulevard, Ste. 5000, Fifth Floor
16  Las Vegas, NV 89101
   Fax: (702) 388-6418
17  *Attorney for Plaintiff , USA*

20     /s/    Beverly Jackson
21  Assistant to Terrence M. Jackson, Esquire