DANIEL G. BOGDEN
United States Attorney
District of Nevada
J. GREGORY DAMM
Assistant United States Attorney
Organized Crime Strike Force
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6418

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HAROLD CALL,<br><br>　　　　Defendant.<br>_____ | 2:09-CR-079-KJD-(RJJ)<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS [DOCKET # 18] |

　　　　COMES NOW the United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and J. Gregory Damm, Assistant United States Attorney, and files its GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS [DOCKET # 18]. The defendant, Call filed a Motion to Dismiss on 9/11/2009 (CR # 18), the government responded on 9/24/2009 (CR # 21), and the Magistrate Judge filed a Report and Recommendation on 11/24/2009 (CR # 26). It is from this Report and Recommendation that the defendant files his objection.

The defendant first recognizes the authority of *Gonzales v. Raich*, 545 U.S. 1 (2005), but claims that "there is a reasonable possibility the United States Supreme Court may again reverse itself and find the commerce clause does not extend jurisdiction to cases such as the instant case." CR # 28, p. 3, lines 6-8. Defendant further claims that "because of the vagueness and uncertainty in the law, he asks that his objection be preserved pending future reconsideration of the issue by the United States Supreme Court." CR # 28, p. 3, lines 14-17. The government agrees with the Magistrate's assessment that as "the Ninth Circuit expressly held in *United States v. Stewart*, 451 F.3d 1071, 1074 (9th Cir. 2006), section 922(o) is a valid exercise of Congress's commerce power and can be applied to the manufacture and possession of homemade machineguns." CR # 26, p. 4, lines 15-17.

Secondly, the defendant claims "that if a weapon is necessary, or even useful, for self defense and the weapon is not <u>unusually dangerous</u>, and a person has not forfeited his right to bear arms by previously engaging in criminal conduct, the weapon should not be banned." CR # 28, p. 4, lines 4-6. The defendant argues that case authority to the contrary "should not be binding authority." CR # 28, p. 3, line 25. The government concurs with the Magistrate that "nothing in *Heller* [128 S.Ct. 2783, 171 L.Ed.2d 637 (2008)] supports the constitutional challenge to a statute criminalizing the possession of machineguns. Even after *Heller*, individuals still do not have the right to lawfully possess machineguns." CR # 26, p. 5, lines 13-15.

///

///

///

## CONCLUSION

WHEREFORE, based upon the foregoing, the United State respectfully requests that this Court deny defendant Call's Objection to Magistrate's Report and Recommendation on Defendant's Motion to Dismiss (CR # 28) and affirm the Report & Recommendation of United States Magistrate Judge (CR # 26) as to Defendant's Motion to Dismiss # 18.

DATED this 8th day of December, 2009.

                                    Respectfully submitted,

                                    DANIEL G. BOGDEN
                                  United States Attorney

                                  /s/ J. Gregory Damm
                                  J. GREGORY DAMM
                                  Assistant United States Attorney

Certificate Of Service

I, J. Gregory Damm, hereby certify that I am an employee of the United States Department of Justice, and that on this day I served a copy of the following: GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS [DOCKET # 18], upon counsel for all defendants appearing in this matter via the CM/ECF system, by electronically filing said GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS [DOCKET # 18].

Dated:    December 8, 2009         /s/ J. Gregory Damm
                                    Assistant United States Attorney
                                    District of Nevada