# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAROLD EDWARD CALL,

    Defendant.

Case No. 2:09-CR-0079-KJD-RJJ

**ORDER**

Currently before the Court is Defendant's Motion to Suppress Evidence (#17).  The Government filed a Response in Opposition (#22).  Defendant did not file a reply.  Magistrate Judge Robert J. Johnston issued a Report and Recommendation (#27), recommending that the Court deny Defendant's Motion to Suppress.  Defendant did not file an objection to the Magistrate Judge's Report and Recommendation.

Additionally, before the Court is Defendant's Motion to Dismiss Indictment (#18).  The Government filed a Response in Opposition (#21).  Defendant did not file a reply.  Magistrate Judge Robert J. Johnston issued a Report and Recommendation (#26) recommending that Defendant's Motion to Dismiss Indictment (#18) be denied.  Defendant timely filed an Objection (#28) to the Magistrate Judge's Report and Recommendation, to which the Government filed a Response (#29). The Court considers both Motions, their respective Responses and Replies, together with the

1  Magistrate Judge's Report and Recommendations, Objection, and Reply, and issues its ruling on

2  both Motions jointly herein.

3  **I. Background**

4          Defendant Harold Call was indicted on March 3, 2009, for two counts of possession and

5  transfer of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), and three counts of

6  possession of an unregistered machine gun in violation of 26 U.S.C. §§ 5861(d) and 5871.  The

7  Government also seeks criminal forfeiture of certain property pursuant to 26 U.S.C. §§ 5861 and

8  5872 as well as 28 U.S.C. § 2461(c).  Additional background regarding Defendant's criminal case is

9  set forth in detail in the Magistrate Judge's Report and Recommendation (#27), and was not objected

10  to by Defendant.  Accordingly, the Court incorporates said background herein.

11          **A. Motion to Suppress**

12          Plaintiff's Motion to Suppress Evidence seeks that the Court conduct an evidentiary hearing

13  pursuant to Franks v. Delaware, 438 U.S. 154 (1978) to determine whether the affidavit submitted in

14  support of the Government's request for a search warrant was sufficient to establish probable cause.

15  Defendant avers that the supporting affidavit is deficient because it "is filled with material omissions

16  and/or misstatements" which renders the affidavit defective and requires suppression of all evidence

17  obtained as a result thereof.  The Government, in opposition, avers that Defendant has failed to meet

18  the requirements of specificity for purposes of requesting a Franks hearing.  Upon review of the

19  Magistrate Judge's Report and Recommendation, together with the Motion, and Response the Court

20  accepts the Magistrate Judge's Recommendation to Deny Defendant Call's Motion to Suppress

21  Evidence.

22          The Court has made a *de novo* determination regarding Defendant's Motion to Suppress

23  Evidence, and adopts the Magistrate Judge's findings in whole.  The Magistrate Judge properly

24  found that the specific information provided by the confidential informants in this matter was

25  corroborated through independent investigative efforts of the investigating officers, and that there

26  was ample basis upon which a judge could have concluded that contraband or evidence would be

recovered from the area to be searched.  (See Report and Recommendation #27 at 8.)  Additionally, `the Magistrate Judge properly found that the fact that informants (CHS #1 and CHS #2) had provided accurate information on multiple prior occasions created a strong inference of trustworthiness, which, combined with the independent corroboration of the confidential informants' specific information in the case, supports the conclusion that even if the confidential informants had "checkered pasts" the judge would have determined each sufficiently credible in this case.  (Id. at 9.)

Additionally, the Magistrate Judge properly found that even if the affidavit had included information that Call had refused to supply arms or auto sears to the Government's confidential informant, such information would not negate probable cause.  "While the Government's conduct may be the basis for an entrapment defense, that potential affirmative defense does not change the fact that Call manufactured, possessed, and sold a machine gun, as the term is defined in 26 U.S.C. § 5845(b)."  (Id. at 10.)  The possibility of an entrapment defense in not material to whether a search warrant should be issued which is otherwise sufficient on its face.   As the Magistrate Judge found, the Court also finds that the fact that Defendant's admission to the manufacture, sale, and possession of a machine gun, independently corroborated by law enforcement prior to the warrant request and included in the search warrant affidavit, render the affidavit sufficient on its face.  (Id. at 11.)

The Magistrate Judge also properly found that the failure to include Defendant's age and lack of criminal record was not a material omission negating probable cause, nor was the failure to include information stating that Defendant's right to belong to the "Lawman group, a branch of the Sovereign Nation" is protected by the First Amendment.

**B. Motion to Dismiss**

Defendant's Motion to Dismiss seeks that the Court dismiss counts 1, 2, 4, and 5 of the Indictment. Specifically, Defendant avers that counts 1 and 4 should be dismissed because 18 U.S.C. § 922(o) is an invalid exercise of Congress's commerce power.  Additionally, Defendant avers that the charges against him should be dismissed because the statutes he is charged under unlawfully

1   infringe on his Second Amendment rights.  The Government, in opposition, avers that section 922(o)

2   is constitutional, and that an individual does not have a constitutional right to possess a machine gun.

3   The Court agrees.

4          Upon review of the Magistrate Judge's Report and Recommendation, together with the

5   Motion, and Response, Objection, and Reply, the Court accepts the Magistrate Judge's

6   Recommendation to Deny Defendant Call's Motion to Suppress Evidence.  The Court has made a *de*

7   *novo* determination regarding Defendant's Motion to Suppress Evidence, and adopts the Magistrate

8   Judge's findings in whole.

9          The Magistrate Judge properly found that Defendant misrepresented the applicable law with

10  regard to Congress's commerce power under United States v. Stewart, 348 F.3d 1132 (9th Cir.

11  2003).  The proper citation of Stewart I, is United States v. Stewart, 348 F.3d 1132 (9th Cir. 2003),

12  vacated 545 U.S.1112 (2005).  Following the United States Supreme Court's ruling in Gonzales v.

13  Raich, 545 U.S. 1 (2005), the Supreme Court granted certiorari, vacated the decision of Stewart I,

14  348 F.3d 1132 (9th Cir. 2003) and remanded the case for further consideration.  See United States v.

15  Stewart, 545 U.S. 1112 (2005).  Upon remand, the Ninth Circuit revisited its prior decision in

16  Stewart I, to determine whether it was "consistent with the approach to [be] applied in Commerce

17  Clause challenges articulated in Raich."  United States v. Stewart, 451 F.3d 1071, 1074 (9th Cir.

18  2006).  In light of Raich, the Ninth Circuit reversed its prior conclusion and held that Section 922(o)

19  could constitutionally be applied to the defendant's possession of homemade machine guns.  451

20  F.3d at 1078.  Accordingly, the Magistrate Judge's finding that section 922(o) is a valid exercise of

21  Congress's commerce power and can be applied to the manufacture and possession of homemade

22  machine guns was correct.

23         Additionally, the Magistrate Judge properly found that Defendant's argument based on

24  District of Columbia v. Heller, — U.S. —, 171 L.Ed. 637 (2008), did not support his challenge to the

25  constitutionality of Section 922(o) and 26 U.S.C. § 2861(d), as the Supreme Court in Heller, did not

26  find that possession of machine guns is protected by the Second Amendment.

4

## II. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendations (## 26, 27) are accepted and adopted in whole.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence (#17), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment (#18) is **DENIED**.

DATED this 11th day of March 2010.

_____
Kent J. Dawson
United States District Judge