DANIEL G. BOGDEN
United States Attorney
J. GREGORY DAMM
Assistant United States Attorney
Organized Crime Strike Force
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Room 5037
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388-6418

FILED
APR 13 2010
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:09-CR-079-KJD-(RJJ) |
| vs. | **PLEA MEMORANDUM** |
| HAROLD CALL, | |
| Defendant. | |

The United States, by and through Daniel G. Bogden, United States Attorney, J. Gregory Damm, Assistant United States Attorney, Organized Crime Strike Force, and defendant Harold Call and defendant's attorney, Terrence M. Jackson, Esq., submit this plea memorandum.

## I.
## PLEA AGREEMENT

The United States and defendant have reached the following plea agreement, which is not binding on the court.

**A.  The Plea**

The defendant will plead guilty to Count Three of the Indictment charging defendant with possession of an unregistered machine gun, in violation of Title 26, United States Code, Sections 5861(d) and 5871.

**B. Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against defendant arising out of the investigation of the charges contained in the Indictment herein, which concerned the defendant's possession and transfer of unregistered machine guns. However, this agreement does not foreclose prosecution for an act of murder, attempted murder, an act of physical violence against the person of another, or any conspiracy to commit any such act of violent unlawful activity.

**C. Sentencing Guideline Calculations**

Defendant understands that the court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

The parties agree to the following calculations of the Sentencing Guidelines:

1. Defendant's plea to Count Three results in a total offense level of 18, and is calculated as follows:

   a. The Base Offense Level is 18 (§2K2.1(a)(5)).

   2.. Pursuant to USSG §3E1.1(a) the United States will recommend that defendant receive a two-level adjustment for acceptance of responsibility unless defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of pretrial release.

   3. Under USSG §3E1.1(b), the United States will, in its sole discretion, make a motion for an additional one-level adjustment for acceptance of responsibility prior to sentencing if defendant

timely notifies the United States of defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and allowing for the efficient allocation of resources.

4. Defendant agrees that the court may consider any counts dismissed under this agreement, along with all other relevant conduct whether charged or uncharged, in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

5. Defendant's Criminal History Category will be determined by the Court.

**D. Other Sentencing Matters**

1. The United States reserves the right to argue for any sentence within the applicable guideline range as determined by the Court. The defendant retains the right to argue for a downward departure from the applicable guideline range as determined by the court and any reasonable sentence under 18 U.S.C. § 3553. If the defendant requests a sentence below the applicable guideline range, the United States reserves the right to argue against any downward departure or sentence below the applicable guideline range.

2. The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, defendant will not withdraw defendant's plea of guilty.

3. The stipulations in this agreement do not bind either the United States Probation Office or the court. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

///

### E. Fines and Special Assessment

1. Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

2. Defendant will pay the special assessment of $100 for his count of conviction at the time of sentencing.

### F. Restitution

Defendant agrees to make full restitution in an amount to be determined by the Court, which defendant agrees shall include all relevant conduct as determined by the Court. In return for defendant agreeing to make restitution for relevant conduct, the United States agrees not to bring charges against defendant for the conduct giving rise to the relevant conduct. Defendant understands that any restitution imposed by the Court may not be discharged in whole or in part in any present or future bankruptcy proceeding. Defendant Call also agrees to forfeit to the United States any firearm possessed unlawfully by him that was seized in the investigation leading to the indictment in this case.

### G. Waiver of Appeal

In exchange for the concessions made by the United States in this plea agreement, defendant knowingly and expressly waives: 1) the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court; 2) the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742; 3) the right to appeal any other aspect of the conviction or sentence, including any order of restitution; and 4) the right to bring any collateral attack against his conviction or sentence, except for a claim of ineffective assistance of counsel. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or higher than the sentencing guideline range based on the offense level predicted by the parties in section C above and the defendant's criminal history category as determined by the court.

Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal and collateral review that the court's sentencing guidelines calculations are not error. However, each party

agrees to maintain its view that the calculations in paragraph C are consistent with the facts of this case.

### H. Additional Promises, Agreements, and Conditions

1. In exchange for the United States entering into this agreement, defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against defendant under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event defendant does not plead guilty or withdraws defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on defendant's behalf; and (b) defendant expressly waives any and all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2. The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and not will be entered into unless in writing and signed by all parties.

### I. Limitations

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving defendant including, but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

## II.

## PENALTY

1. The maximum penalty for each violation of Title 26, United States Code, Sections 5861(d) and 5871 is not more than 10 years imprisonment, a fine of not more than $250,000, or both.

2. Defendant is subject to supervised release for a term of not more than three years. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

3. Defendant must pay a special assessment of $100 for each count of conviction.

4. Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless defendant establishes that defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## III.

## ELEMENTS

1. The elements of proof for possession of an unregistered machine gun, in violation of Title 26, United States Code, Section 5861(d) are the following:

First, the defendant knowingly possessed a firearm, that is, a machine gun, a weapon which shoots automatically more than one shot, without manual reloading, by a single function of the trigger; and,

Second, the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

1. The defendant is pleading guilty because the defendant is guilty of the charged offense.

2. In pleading to the offense, the defendant acknowledges that if the defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish the defendant's guilt beyond a reasonable doubt.

3. The defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

4. On Thursday, October 9, 2008, an Undercover Employee (UCE), a Confidential Human Source (CHS), and Harold Call met for the purpose of shooting weapons. UCE and CHS drove to Call's residence where they met Call in the garage area. UCE observed two reloading presses, supplies, and numerous rounds of various caliber ammunition.

5. After leaving the defendant's residence, defendant Call, UCE, and CHS entered CHS's vehicle. The three proceeded to a pre-determined location at the intersection of State Route 93 and Interstate 15 in Las Vegas, Nevada. While there, defendant Call produced a STEN machine gun. Defendant Call fired the weapon in a fully automatic mode, followed by UCE 3684 and CHS.

6. A search of the National Firearms Registration and Transfer Record under defendant's name, social security number and date of birth reveals no fully automatic weapons registered to him.

## V.

## ACKNOWLEDGMENT

1. Defendant, acknowledges by defendant's signature below that defendant has read this Memorandum of Plea Agreement, that defendant understands the terms and conditions, and the factual basis set forth herein, that defendant has discussed these matters with defendant's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2. Defendant acknowledges that defendant has been advised, and understands, that by entering a plea of guilty defendant is waiving, that is, giving up, certain rights guaranteed to defendant by law and by the Constitution of the United States. Specifically, defendant is giving up:

    a. The right to proceed to trial by jury on the original charges, or to a trial by a judge if defendant and the United States both agree;

    b. The right to confront the witnesses against defendant at such a trial, and to cross-examine them;

   c. The right to remain silent at such trial, with such silence not to be used against defendant in any way;

   d. The right, should defendant so choose, to testify in defendant's own behalf at such a trial;

   e. The right to compel witnesses to appear at such a trial and to testify in defendant's behalf; and,

   f. The right to have the assistance of an attorney at all stages of such proceedings.

  3. Defendant, defendant's attorney, and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either defendant, defendant's attorney, or the attorney for the United States.

DANIEL G. BOGDEN  
United States Attorney

4/2/10  
DATED

_/s/ J. Gregory Damm_  
GREGORY DAMM  
Assistant United States Attorney  
Organized Crime Strike Force

4-2-10  
DATED

_/s/ Harold Call_  
HAROLD CALL, Defendant

4/2/10  
DATED

_/s/ Terrence M. Jackson_  
TERRENCE M. JACKSON, ESQ.  
Counsel for Defendant