1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada Bar No. 2137
   GREGORY DAMM
3  Assistant United States Attorney
   Lloyd D. George United States Courthouse
4  333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
5  Telephone: (702) 388-6336
   Facsimile: (702) 388-6787
6  Counsel for the United States of America

7

8

9

10                    **UNITED STATES DISTRICT COURT**

11                          **DISTRICT OF NEVADA**

12  UNITED STATES OF AMERICA,              )
                                           )
13                    Plaintiff,           )
                                           )
14          v.                             )      2:09-CR-079-KJD (RJJ)
                                           )
15  HAROLD CALL,                           )
                                           )
16  _____Defendant._____)

17  **SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF ORDER OF**
    **FORFEITURE AS TO HAROLD CALL, AND ORDER**
18

19          The United States of America, by and through Daniel G. Bogden, United States Attorney for

20  the District of Nevada, and Gregory Damm, Assistant United States Attorney, and HAROLD CALL,

21  and his counsel, Terrence Jackson, stipulate as follows:

22          1.  On March 3, 2009, the Grand Jury sitting in Las Vegas, Nevada returned a Five Count

23  Indictment against Harold Call for violations of Title 18, United States Code, Section 922(o) and

24  924(a)(2) and Title 26 United States Code, Section 5861(d) and 5871

25          2.  On April 13, 2010, Harold Call pled guilty to Count Three of a Five Count Criminal

26  Indictment charging him in Three with Possession of Unregistered Machine Gun, in violation of Title

26, United States Code, Sections 5861(d) and 5871, and agreed to the forfeiture of property set forth in the Forfeiture Allegations of the Criminal Information.

3.      Harold Call knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property:

      a)    Nine (9) "auto sears" designed and intended for use in converting a weapon to shoot automatically more than once shot, without manual reloading, by a single function of the trigger;

      b)    Six (6) "lighting link" designed and intended for use in converting a weapon to shoot automatically more than once shot, without manual reloading, by a single function of the trigger;

      c)    A Sten Machine gun; and

      d)    an Enfield MK1 Machine gun, serial number 12T1634("Property").

4. Harold Call knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

5. Harold Call knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

6. Harold Call knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

7. Harold Call knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

8. Harold Call knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorneys regarding the forfeiture and disposition of the property.

9. Harold Call knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

10.   Harold Call knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

11.   Harold Call knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceeding or any forfeiture proceeding concerning the property

12.   Harold Call knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the property.

13.   Harold Call knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine in any abandonment proceeding, any civil administrative forfeiture proceeding, any civil judicial forfeiture, or criminal forfeiture proceeding concerning the property.

14.   Harold Call knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

15.   Harold Call understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

16.   Harold Call knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement, Stipulation for Entry of Order of Forfeiture as to Harold Call, and Order ("Settlement Agreement").

17.   Harold Call knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada,

. . .

. . .

1  the United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives,

2  their agencies, their agents, and their employees from any claim made by his or any third party arising

3  from the facts and circumstances of this case.

4        18. Harold Call knowingly and voluntarily releases and forever discharges the United States,

5  the United States Department of Justice, the United States Attorney's Office for the District of

6  Nevada, the United States Department of Justice, the United States Attorney's Office for the District

7  of Nevada, the United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and

8  Explosives, their agencies, their agents, and their employees from any and all claims, rights, or causes

9  of action of any kind that Harold Call now has or may hereafter have on account of, or in any way

10  growing out of, the seizures and the forfeitures of the property in the abandonment, the civil

11  administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

12        19. Each party acknowledges and warrants that its execution of the Settlement Agreement

13  is free and is voluntary.

14        20. The Settlement Agreement contains the entire agreement between the parties.

15        21. Except as expressly stated in the Settlement Agreement, no party, officer, agent,

16  employee, representative, or attorney has made any statement or representation to any other party,

17  person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no

18  party, officer, agent, employee, representative, or attorney relies on such statement or representation

19  in executing the Settlement Agreement.

20        22. The persons signing the Settlement Agreement warrant and represent that they have full

21  authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf

22  they are signing, to the terms of the Settlement Agreement.

23        23. This Settlement Agreement shall be construed and interpreted according to federal

24  forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to,

25  and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States

26  District Court for the District of Nevada, located in Las Vegas, Nevada.

24. Each party shall bear their or its own attorneys' fees, expenses, interest, and costs.

25. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 4/13/10

TERRENCE M. JACKSON

TERRENCE M. JACKSON
Counsel for Harold Call

DATED: 4/13/10

HAROLD CALL

DATED: 4-13-2010

DANIEL G. BOGDEN
United States Attorney

GREGORY DAMM
Assistant United States Attorney

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE
DATED: 4/13/2010