1  TERRENCE M. JACKSON, ESQ.
Nevada Bar 00854
2  Law Office of Terrence M. Jackson
624 Ninth Street
3  Las Vegas, Nevada   89101
Off:(702)386-0001 / Fax:(702)386-0085
4

*Attorney for Defendant, Harold  E. Call*
5

6            **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF NEVADA**

8

9  UNITED STATES OF AMERICA,          Case No.: 2:09-CR-00079-KJD-RJJ

10              Plaintiff,

11       v                             **SENTENCING MEMORANDUM**

12  HAROLD E. CALL,

13              Defendant.

14

15         COMES NOW the Defendant, **HAROLD E. CALL**, by and through his counsel,

16  TERRENCE M. JACKSON, ESQ., and respectfully submits this memorandum in order to

17  provide information to assist the court in fashioning a sentence "sufficient but not greater than

18  necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. §3553(a) in

19  light of United States v. Booker, 125 S.Ct. 738 (2005).

20       Booker restored district courts' ability to fashion a sentence tailored to the individual

21  circumstances of the case and defendant by requiring courts to consider factors other than the

22  sentencing range prescribed by the United States Sentencing Guidelines. Indeed, under Section

23  3553(a), courts are *required* to sentence below the range if such a sentence would be sufficient to

24  achieve the purposes of punishment.

25       Here, Defendant respectfully requests that the court consider several important 3553

26  factors in this case in fashioning a sentence.

27       **FIRST**, Defendant's lack of significant criminal history suggests his actions in this case

28  were aberrant behavior and he will therefor be unlikely to re-offend;

1         **SECOND**, <u>Defendant's age and health would make a prison sentence</u> extraordinarily

2 harsh;

3         **THIRD**, <u>There existed Imperfect Entrapment</u> in this case. Although the actions of

4 government agents which may have induced the Defendant's law breaking were insufficient for

5 acquittal, they provided a departure, or a variance, from the Guideline Sentence;

6         **FOURTH**, The effect of his incarceration on innocent family member would be

7 extraordinarily harsh;

8         **FIFTH**, Tragic circumstances in the Defendant's background are grounds for a departure

9 or variance in this case.

10 **PROCEDURAL BACKGROUND**

11         On April 13, 2010, Harold E. Call pled guilty to Possession of an Unregistered Machine

12 Gun in violation of 26 U.S.C. § 5861d and § 587.

13         The Defendant stands before the Court for sentencing on July 21, 2010 at 9:00 a.m.

14 **FACTUAL STATEMENT**

15         Defendant, a 68 year old man, pled guilty to possession of an unregistered machine gun,

16 26 U.S.C. § 5861d and § 587. He has never been charged, much less convicted of a criminal

17 offense. Mr. Call came to the attention of law enforcement when agents were investigating the

18 activities of the Sovereign Movement. Mr. Call had become interested in the philosophy of the

19 Sovereign Movement because of the severe economic struggles he has faced in the last decade.

20 He has become disillusioned with the existing political establishment.

21         He began attending weekly meetings of the 'Lawman Group', in which he and other men

22 would discuss political and economic issues. During these meetings Mr. Call developed strong

23 beliefs that the country has serious flaws in its political and economic structure, and that radical

24 change may be necessary. He has never however, advocated violence.

25         He has always been open about his beliefs, even beliefs which may be considered outside

26 the mainstream. He has never, until this incident, committed any offenses against the government

27 of the United States. Mr. Call has never engaged in violence or ever advocated violence.

28         In this case, a government agent, Dominic Sacco, after developing a "friendship" with the

2

1    Defendant, repeatedly urged that the Defendant supply him with gun parts and later the illegal

2    sten machine gun which was a violation of the statute.

3        The Defendant eventually succumbed to the urging of the agent and supplied the illegal

4    machine gun to the agent. He was arrested. He pled guilty, acknowledging his guilt and accepted

5    responsibility for his actions. This acknowledgment of the government's power and acceptance

6    of the court's jurisdiction when he pled guilty was a major achievement for Mr. Call because it

7    directly contradicts the "Sovereign"ideology that the courts have no jurisdiction or power over

8    free citizens. Mr. Call recognized if belatedly that he is subject to the laws of the United States.

9

10                                            **I.**

11    THE GUIDELINE SENTENCING RANGE OF 18 - 24 MONTHS IS NO LONGER
            MANDATORY AFTER <u>UNITED STATES v. BOOKER</u>.
12

13        This Court has the discretion to sentence the Defendant to less than the guideline range.

14    The United States Sentencing Guideline range is but one of five factors to be considered in

15    determining the appropriate sentence. <u>Booker</u>, 125 S.Ct. At 764-65. The other four factors are (1)

16    the nature and circumstances of the offense and the history and characteristics of the defendant;

17    (2) the kinds of sentence available; (3) the need to avoid unwarranted sentencing disparity; and

18    (4) the need to provide restitution. <u>*Id.*</u> 18 U.S.C. § 3553(a)(1)(a)(3), (a)(6)(7).

19        In considering the Section 3553(a) factors, the sentencing are to be given no more or less

20    weight than any other factor. *See* <u>United States v. Jaber</u>, 362 F.Supp. 2d 365, 370-76 (D. Mass.

21    2005). (providing comprehensive analysis of why sentencing guidelines do not reflect statutory

22    purposes of punishment); <u>United States v. Ranum</u>, 353 F.Supp. 2d 984, 987(E.D. Wis. 2005)

23    (same).

24        Perhaps even more important however, is that <u>Booker</u> establishes a new, independent

25    limit on the sentence that may be imposed. The primary sentencing mandate of Section 3553(a)

26    states that courts must impose the minimally-sufficient sentence to achieve the statutory purposes

27    of punishment - justice, deterrence, incapacitation, and rehabilitation:

28

                                            3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> The court shall impose a sentence *sufficient, but not greater than necessary,*
> to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)].

18 U.S.C. § 3553(a) (emphasis added). This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is *statutorily prohibited* from sentencing - even when a greater sentence is recommended by the sentencing guidelines. *See* United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

Defendant directs the court to the case of United States v. Hadaway, 998 F.2ds 917, 919-20 (11th Cir. 1993) where the defendant possessed a sawed off shot gun and the court ruled it had power to depart downward from the sentencing guidelines if his possession of such a weapon threatened a lesser harm than the stature envisioned. In this case, like Hadaway, Defendant Harold Call's mere possession of an unregistered machine gun, under the facts of this case, was not so harmful that the sentencing guidelines should be rigidly followed.

**I.**

DEFENDANT HAROLD CALL SHOULD BE GRANTED A DOWNWARD DEPARTURE FOR ABERRANT BEHAVIOR.

Defendant is sixty-eight years of age and prior to the instant offense, has not had a single arrest or conviction of any kind. The Defendant came to the attention of law enforcement because of his admitted participation in the Lawman Group. The Defendant does not deny his involvement in this group and has always openly asserted his political and economic beliefs.

The United States Sentencing Guideline Manual provides that a downward departure is available in carefully limited "extraordinary circumstance" for aberrant behavior when behavior involved a single criminal occurrence or single criminal transaction and (1) was committed without significant planning; (2) was of limited duration; and (3) represented a marked deviation from an otherwise law abiding life. § 5K2.20.

Mr. Call has never previously broken the law nor has he advocated violence. His association with various anti-government protest groups may have brought him to the attention of government

4

agents, but aside from the actions alleged in this indictment, none of his actions were illegal or criminal. Mr. Call truly regrets his actions. He has been forthright and unequivocal in asserting his responsibility for his actions in this case.

All the circumstances leading up to this incident should be carefully considered by the court in evaluating the aberrant nature of the Defendant's actions. A review of the facts will establish agents of the government worked assiduously to induce Mr. Call to provide machine gun and/or illegal gun parts to government agents. Defendant submits that but for aggressive action by law enforcement agents, he would not have provided them the machine gun. Defendant believes that where a government agent influenced the Defendant to commit the crime, such fact is relevant in deciding a departure. United States v. Tahai, 941 F.2d 738, 744 (9th Cir. 1991).

**II.**

THE DEFENDANT'S ADVANCED AGE AND RESULTING HEALTH PROBLEMS
ARE IMPORTANT 3553(a) FACTORS.

While in moderate health for his age, Defendant nevertheless suffers from the problems that are common disabilities of old age. He has been diagnosed with hypertension as well as an enlarged prostate. He receives medication for each condition and it is likely a prison sentence will significantly increase his health risks, *see* United States v. Gigante, 959 F.Supp. 436 (E.D. N.Y. 1999), holding that a defendant at the advanced age of 69 with a bad heart had grounds for a departure.

The Defendant will likely suffer difficult mental health problems adjusting to prison at his advanced age. Unfortunately, the Defendant's father committed suicide when the Defendant was a young man. Defendant has never adequately compensated for this profound loss with appropriate grief counseling or therapy.

**III.**

DEFENDANT SHOULD BE GRANTED A DEPARTURE FOR IMPERFECT ENTRAPMENT

Defendant previously moved the court to dismiss the charges because he was entrapped. (*See* Defense Motion to Dismiss, docket # 18). Defendant submits although there may have been insufficient evidence to establish the heavy burden of proving entrapment before a jury or the

1   even greater burden at a pre-trial Motion to Dismiss, the facts here clearly show substantial

2   influence on the Defendant by the government agents prior to the Defendant's illegal possession

3   of a machine gun.

4          Even though Defendant may not have been entrapped in the legal sense, the court has the

5   authority to depart for imperfect entrapment under 5K2.12. In United States v. Garza-Juarez, 992

6   F.2d 896, 910-12 (9th Cir. 1993) the court was troubled by "aggressive encouragement" of

7   wrongdoing by a government informer. Similarly, the Ninth Circuit granted a six level departure

8   in United States v. McClelland, 72 F.3d 717 (9th Cir. 1995) for imperfect entrapment. The court,

9   rejecting the government's argument, stated:

10         Finally, the government mistakenly contends that "[a] downward departure
     based on the government's encouragement of a predisposed defendant to continue
11   with criminal activity initiated by the defendant serves only to deter government
     misconduct, a purpose having no relation to goals of the Sentencing Reform Act."
12   In fact, evidence of imperfect entrapment, like evidence of imperfect coercion, is
     in some cases a legitimate ground for departure because it may show that the
13   defendant is "both less morally blameworthy than an enthusiastic [defendant] and
     less likely to commit other crimes if not incarcerated." See Garza-Juarez, 992 F.2d
14   at 913 n. 1 (quoting with approval Dickey, 924 F.2d at 840 (Reinhardt, J.,
     dissenting)). A district court could properly determine that a defendant who first
15   proposed an illegal scheme, but who later expressed serious reservations and acted
     only after strong and repeated inducements by the government is less morally
16   blameworthy and less likely to commit crimes in the future than a defendant who
     eagerly participated in an illegal scheme with no inducement other than the initial
17   suggestion by a government agent. Thus, if a district court departs downward on
     the ground of an imperfect entrapment in a case in which the defendant first
18   approached the government, the departure may still be completely consistent with
     at least two important factors relevant to sentencing-protection of the public, and
19   characteristics particular to the defendant's culpability. See Pacheo-Osuna, 23
     F.3d at 271-72; Garza-Juarez, 992 F.2d at 913 n.1. Accordingly, we reject the
20   government's argument in toto and hold that there was a legitimate legal basis for
     the district court's downward departure under 18 U.S.C. § 3553(b).
21   Id. 726. (Emphasis added).

22

23   Defendant is now aware his actions were improper. A review of the totality of the Defendant's

24   life reflects that Harold E. Call was not predisposed to act violently or be a lawbreaker.

25

26   .   .   .

27   .   .   .

28   .   .   .

6

1

2    **IV.**

TRAGIC CIRCUMSTANCES IN DEFENDANT'S LIFE AND THE EFFECT OF HIS
IMPRISONMENT ON HIS SPOUSE ARE SIGNIFICANT FACTORS THAT MERIT A
3    DOWNWARD DEPARTURE OR 3553(a) VARIANCE IN THE DEFENDANT'S SENTENCE.

4           Defendant has endured several significant misfortune, or tragedies in his life which bear

5    upon his sentencing. By far the most significant was the suicide of his father when the Defendant

6    was 21 years of age. This loss was profound and it deeply affected Mr. Call.

7           Several years ago his wife suffered a significant motor vehicle accident. His wife has

8    dealt with chronic, almost debilitating pain since the accident and is highly dependent on her

9    husband Harold Call for even simple physical tasks.

10          Mr. Call has recently suffered a combination of financial disasters since his retirement.

11   He is deeply in debt to many creditors including the I.R.S. which is levying his social security

12   benefits and pension. His mortgage is in arrears and his house is about to be foreclosed.

13          Defendant submits a departure is warranted because of his role as a care giver injured wife.

14   In United States v. Gashill, 991 F.2d 82, 85-86 (3rd Cir. 1993), the court remanded for consideration

15   of a downward departure under U.S.S.G. 5H1.6, where the defendant was the only care giver to his

16   mentally ill wife. Evidence will show Mrs. Call will be severely impacted if she loses her husband's

17   assistance while he is incarcerated. *See also*, United States v. Johnson, 964 F.2d 124 (2nd Cir. 199-);

18   United States v. Alba, 933 F.2d 117 (2nd Cir. 1991).

19          The courts have also recognized that particularly tragic circumstances in a defendant's life

20   merit a downward departure or variance. *See,* United States v. Lopez, 938 F.2d 1293, 1297 (D.C. Cir.

21   1991).

22          Mr. Call has born his misfortunes stoically, however, looking at the entire picture of the

23   man's life it is easy to ascertain how he may have felt embittered or ill treated by the government and

24   how he may have reached unfortunate conclusions which led to his present criminal act. While such

25   thoughts do not excuse or justify criminal behavior, Defendant asks the Court consider these facts

26   in mitigation.

27   .   .   .

28   .   .   .

1

## **CONCLUSION**

2      The recommended sentence of 18 months is no longer mandated or justified under the

3  unique facts of this case. Defendant submits that the court in considering the possible departures

4  and variances may sentence the Defendant to a term of probation with strict conditions.

5      One alternative punishment would include a period of house arrest or a term of

6  community service which would satisfy the need for punishment rather than incarceration.

7      RESPECTFULLY SUBMITTED, this 25th day of June, 2010.

8

9                      By: /s/ Terrence M. Jackson

10                      TERRENCE M. JACKSON, ESQ.
Nevada Bar No. 00854

11                      624 Ninth Street
Las Vegas, Nevada 89101
(702) 386-0001/ (702) 386-0085

12                      *Attorney for Defendant, CALL*

13

## **CERTIFICATE OF SERVICE**

      I hereby certify that I am an employee of Terrence M. Jackson, Esquire, that I am

14

15  competent to serve papers and not a party to the above-entitled action and that on the 25th

16  day of June, 2010, I served a copy for the foregoing Defendant, HAROLD E. CALL'S,

17  **SENTENCING MEMORANDUM** by electronic service (ECF) to the person(s) named

below **as follows**:

18

19  [✓]  Via CM/ ECF, the electronic filing system for the District of Nevada, **as indicated below**:

20      DANIEL G. BOGDEN
United States Attorney

21      ERIC L. JOHNSON
Assistant United States Attorney

22      J. GREGORY DAMM
Assistant United States Attorney

23      Lloyd D. George United States Federal Courthouse
333 Las Vegas Boulevard So., Suite 5000

24      Las Vegas, Nevada 89101

25      *Attorney for USA (Plaintiff)*

26

27  BY:    /s/ Ila C. Wills
      An employee to Terrence M. Jackson, Esq.

28